**WO** JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Emmanuel Ferron, ) | No. CV 11-0290-PHX-GMS (MEA) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Eric H. Holder, Jr., et al., ) | |
| Respondents. ) | |

Petitioner John Emmanuel Ferron (A015-214-221), who is confined in the Eloy Detention Center in Eloy, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and an Application to Proceed *in Forma Pauperis* (Doc. 3). The Court will grant the Application and dismiss the Petition as moot in part and for lack of jurisdiction in part.

Petitioner challenges an Immigration Judge's (IJ) November 24, 2010 order of removal directing that he be deported to Jamaica. Petitioner claims that the order of removal is unlawful because the IJ did not give him an opportunity to defend himself. Petitioner also claims that detention officers' interference with his legal mail will cause the Board of Immigration Appeals (BIA) to reject his appeal from the IJ's order. The Court lacks jurisdiction to consider Petitioner's first claim and his second claim is moot.

Under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005), the district courts do not have habeas corpus jurisdiction to review an order of removal. Iasu

1 v. Smith 511 F.3d 881, 886 (9th Cir. 2007).  The REAL ID Act amended 8 U.S.C.
2 § 1252(a)(5) to provide that "a petition for review filed with an appropriate court of appeals
3 in accordance this section shall be the sole and exclusive means for judicial review of an
4 order of removal entered or issued under any provision of this [Act]").  8 U.S.C.
5 § 1252(a)(5).  This Court therefore lacks jurisdiction to hear Petitioner's challenge to his
6 November 2010 order of removal.

7     Petitioner's claim that detention officers' interference with his legal mail will cause
8 the BIA to reject his appeal is belied by exhibits he filed on April 4, 2010.  Those documents
9 reveal that Petitioner's appeal was accepted and is currently pending before the BIA.  Doc. 6
10 at 1.  Petitioner's second claim is therefore moot.  Accordingly, this action must be
11 dismissed.

12     **IT IS ORDERED** that Petitioner's Application to Proceed *In Forma Pauperis*
13 (Doc. 3) is **granted**.

14     **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1)
15 and this action are **dismissed**.  The Clerk of Court must enter judgment accordingly.

16     DATED this 16th day of May, 2011.

*[signature: A. Murray Snow]*
G. Murray Snow
United States District Judge

v. Smith 511 F.3d 881, 886 (9th Cir. 2007).  The REAL ID Act amended 8 U.S.C. § 1252(a)(5) to provide that "a petition for review filed with an appropriate court of appeals in accordance this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this [Act]").  8 U.S.C. § 1252(a)(5).  This Court therefore lacks jurisdiction to hear Petitioner's challenge to his November 2010 order of removal.

Petitioner's claim that detention officers' interference with his legal mail will cause the BIA to reject his appeal is belied by exhibits he filed on April 4, 2010.  Those documents reveal that Petitioner's appeal was accepted and is currently pending before the BIA.  Doc. 6 at 1.  Petitioner's second claim is therefore moot.  Accordingly, this action must be dismissed.

**IT IS ORDERED** that Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) and this action are **dismissed**.  The Clerk of Court must enter judgment accordingly.

DATED this 16th day of May, 2011.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge